### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Julius Jones a/k/a Odell Lamon Calvin (K69565),** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. 18 C 5820 |
| v. ) | |
| ) | Hon. Rebecca R. Pallmeyer |
| **Supt. Yoksoulian, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

### ORDER

The court denies Defendants' motion to dismiss for failure to state a claim [92] and, because no further briefing is required, also denies Defendants' motion for extension of time to reply [96]. Defendants are directed to answer Plaintiff's amended complaint [83] on or before January 8, 2021. The court clarifies the scope of the claims proceeding in this lawsuit as follows: (1) a failure-to-protect claim against all Defendants stemming from Plaintiff's alleged sexual assault on July 10, 2018; and (2) a retaliation claim against all Defendants stemming from their purported response to Plaintiff's safety concerns in housing unit 3-A. The status hearing set for 12/18/2020 at 8:30 a.m. stands; call-in instructions appear in the docket [88].

### STATEMENT

Illinois prisoner Julius Jones a/k/a Odell Lamon Calvin initiated this lawsuit because, he contends, Cook County Jail employees failed to protect him from assault while he was incarcerated at the jail. By order dated August 10, 2020 [82], the court allowed Plaintiff's *pro se* amended complaint to proceed against Defendants Yoksoulian, Stubenvol, Wolfe, and Spears. Employing the standard applied to motions to dismiss, the court found Plaintiff's allegations sufficient "to warrant further investigation into his claims that Defendants failed to protect him from a substantial risk of harm." *Id.*, pg. 2. The court also found that, "[a]ccepting Plaintiff's allegations as true as the court must at this juncture, further inquiry is warranted into Plaintiff's contention that his housing assignment was the product of Defendants' retaliatory motive." *Id.* The court further explained that it would not resolve, at this time, the claims implicated by the allegations in the amended complaint. *Id.*

Defendants' motion to dismiss [92] asks the court to narrow the scope of the litigation in three ways.

First, Defendants argue that "all claims on June 26, 2018 and July 17, 2018 should be dismissed with prejudice" because events that occurred on those dates do not give rise to a claim. *See id.*, pg. 2-5. On June 26, 2018, Defendants allegedly placed Plaintiff in unit 3-A, where Plaintiff says he had "multiple enemies" and was celled with a man who made "sexual advances" toward him. Plaintiff was moved out of the unit after the cellmate allegedly assaulted him, but on July 17, 2018, Defendants attempted to return Plaintiff to unit 3-A. Plaintiff remained on 3-A for just five minutes before an officer (who is not a defendant to this action) moved him to another housing unit. *See* t83].

An inmate's mere fear of assault does not support a failure-to-protect claim. *Jones v. Butler*, 663 Fed. App'x 468, 470 (7th Cir. 2016) (citing *Babcock v. White*, 102 F.3d 267, 272 (7th Cir. 1996)). Plaintiff therefore cannot sustain a failure-to-protect claim merely because he was placed briefly in unit 3-A. This is so even though he might have had enemies in the unit and feared for his safety. It is unclear, however, whether Plaintiff intended to pursue separate claims stemming from each time he was placed on unit 3-A or whether he simply was attempting to show that Defendants knew of a risk to his safety and nevertheless placed him in the unit. Defendants' purported decision to return Plaintiff to unit 3-A on July 17, 2018, also lends some support to Plaintiff's contention that Defendants' placement decisions were more than negligence and, possibly, the product of an improper motive. The court therefore declines to dismiss "all claims" stemming from the events of June 26, 2018 and July 17, 2018.

Clarification nevertheless is necessary. Plaintiff's allegations support only a failure-to-protect claim stemming from the alleged assault on July 10, 2018. Information known to Defendants on June 26, 2018 and on July 17, 2018, arguably is relevant to the claim but does not support separate failure-to-protect claims.

Defendants next argue that Plaintiff's claims against Superintendent Yoksoulian should be dismissed because the alleged facts do not show Yoksoulian's participation in any of the events underlying Plaintiff's claims. *See* [92], pg. 6-7. Plaintiff has alleged, however, that Yoksoulian was responsible for his housing assignments and that the assignments could not be changed without Youksolian's approval. *See* [83, pg. 14. The allegations also suggest that Yoksoulian may have known Plaintiff was having problems with his cellmate before the alleged sexual assault. *Id.* In addition, Plaintiff claims that he filed nearly a hundred grievances against Yoksoulian and that Youksolian was responsible for ordering his return to 3-A on July 17, 2018. *Id.* The court must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff's favor" at this juncture. *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016). Here, the allegations implicate failure-to-protect and retaliation claims against Yoksoulian.

Defendants also argue that the "newly added retaliation claim against Superintendent Yoksoulian" is barred by the general release in a settlement agreement executed by Plaintiff in *Calvin v. Cook County*, No. 16 C 3166 (N.D. Ill.) (the "Agreement"). *See* [92], pg. 7; *see also* 92-1 ("Confidential Settlement Agreement and General Release" effective Feb. 4, 2019). The Agreement, however, contained exceptions to the general release:

> The parties agree that *Calvin v. Yoksoulin, et al.* (18 C 5820) and *Calvin v. Yoksoulin, et al.* (18 C 5822), which have already been filed, are not barred by the General Release set forth herein.

[92-1], pg. 2.

Illinois law governs the interpretation of contracts, including settlement agreements, executed in Illinois. *Cannon v. Burge*, 752 F.3d 1079, 1088 (7th Cir. 2014). Under Illinois law, a court "must interpret the words of the contract with their common and generally accepted meanings and must construe the words of the contract within the context of the contract as a whole." *Darvosh v. Lewis*, 66 F. Supp. 3d 1130, 1134 (N.D. Ill. 2014) (quoting *William Blair & Co. v. FI Liquidation Corp.*, 830 N.E.2d 760, 770 (Ill. App. Ct. 2005) (internal quotation marks omitted)). "Where a written agreement is clear and explicit, a court must enforce the agreement as written," interpreting the meaning of the agreement as well as the intent of the parties with

reference only to the language within the four corners of the written document. *See Cannon*, 752 F.3d at 1088 (collecting cases). If the agreement is ambiguous—that is, if the agreement is susceptible to more than one meaning—it is not subject to resolution as a matter of law. *Id.* at 1088-89; *Darvosh*, 66 F. Supp. 3d at 134 (citing *Thompson v. Gordon*, 948 N.E.2d 39, 47 (Ill. 2011)).

The unambiguous language of the Agreement creates an exception to the general release for this case, *Calvin v. Yoksoulin, et al.*, No. 18 C 5820 (N.D. Ill.). It does not explicitly limit the scope of this lawsuit to a failure-to-protect claim. Though Defendants would prefer that the court interpret the exception narrowly (effectively limiting this case to the failure-to-protect claim addressed in the October 12, 2018 screening order), the language of the exception does not support such a reading. Before entering into the Agreement, Plaintiff had expressed an intent to bring a retaliation claim in this case. *See* [8], Oct. 12, 2018 screening order. The court dismissed the claim "without prejudice to renewal should facts emerge supporting such a claim." *Id.*, pg. 3. Thus, on February 4, 2019—the date on which the Agreement became effective—the posture of this lawsuit allowed for the possibility that Plaintiff's retaliation claim could be revived.

Defendants' motion to dismiss for failure to state a claim is granted and the court directs them to answer Plaintiff's amended complaint before January 8, 2020.

ENTER:

Date: December 14, 2020

_____
REBECCA R. PALLMEYER
United States District Judge

3